## MARTIN v. TANNER.

### No. 12385.

Court of Civil Appeals of Texas.
San Antonio.

June 25, 1952.

Victor B. Rogers, Fredericksburg, for appellant.

Petsch & Petsch, Fredericksburg, for appellee.

W. O. MURRAY, Chief Justice.

J. O. Tanner sued Lela B. Martin, individually and as independent executrix of the last will and testament of Tom Martin, deceased, seeking to recover the sum of $711.53 for services allegedly rendered to her and her deceased husband.

Lela B. Martin filed an answer and cross-action in which she admitted an indebted-ness of $100.98, but denied any further liability. In her cross-action she alleged that Tanner had failed to deliver her share of the 1949 crop, consisting of 39 sacks of speltz and 110 sacks of maize, and that he had appropriated this grain to his own use. She also asked for exemplary damages for this alleged conversion.

The trial was to a jury on special issues. The jury found, in effect, that Lela B. Martin was indebted to Tanner for services rendered in the sum of $579.55, against which she should be allowed the value of her one-third share of the 1949 crop, $379. The jury also found in favor of Lela B. Martin in the sum of $500 as exemplary damages, but, upon motion for judgment non obstante veredicto, this recovery was refused and judgment entered in favor of Tanner against Lela B. Martin in the total sum of $300.55. Lela B. Martin has prosecuted this appeal.

Appellant presents but one point on this appeal, which is that the court erred in disregarding the jury's finding to the effect that Lela B. Martin was entitled to recover the sum of $500 as exemplary damages. The evidence shows that Tanner harvested the entire crop in 1949 and hauled it to his own barn, which was five or six miles from the field, when he was supposed to have left Mrs. Martin's one-third in her barn, which was only a few hundred yards from the field. Tanner at first separated the one-third of the grain belonging to Mrs. Martin from the two-thirds belonging to him. He later used at least a portion of the grain belonging to Mrs. Martin to feed his hogs. He sold the hogs when they were ready for market and put the money in his own pocket.

We see in these facts nothing more than a breach of contract or a conversion of grain belonging to Mrs. Martin by Tanner. This suit might be regarded as a suit for accounting between Tanner and Mrs. Martin. According to the verdict of the jury and the finding of the court there was a balance due Tanner of $300.55 Under such circumstances we are unable to find that there was evidence of such malice on the part of Tanner as to support an award of exemplary damages against him in favor of

Mrs. Martin, and the trial judge did not err in refusing to render judgment for exemplary damages. 13 Tex.Jur. 245, Damages, § 135.

The judgment of the trial court is affirmed.