775 P.2d 1289

**SECURITY FEDERAL SAVINGS & LOAN, a savings and loan association, Plaintiff–Appellee,**

v.

**Robert and Linda PRENDERGAST, Defendants–Appellants.**

No. 18128.

Supreme Court of New Mexico.

June 27, 1989.

Turpen, Cannain & Merchant, Lester C. Cannain, Albuquerque, for defendants-appellants.

Alan R. Wilson, Albuquerque, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Justice.

This suit arises out of the sale of secured collateral under Article 9 of the Uniform Commercial Code after default on a promissory note. Defendants-appellants, Robert and Linda Prendergast, claim the sale of the collateral was commercially unreasonable and appeal the granting of a deficiency judgment to plaintiff-appellee, Security Federal Savings & Loan (Security). We affirm.

In 1983, the Prendergasts borrowed $8,150.63 from Security Federal Savings & Loan and signed a promissory note giving Security a security interest in, among other things, a "1976 Huntsman 23 foot mini-mobile home." About three years later, the Prendergasts defaulted on the note and voluntarily gave possession of the mobile home to Security. Security then notified the Prendergasts that it intended to dispose of the mobile home by private sale some time after April 13, 1987. For the purposes of arranging a sale, Security placed the vehicle on the premises of a dealer in used autos, Triangle Auto Sales, where Triangle's customers could view repossessed vehicles and make written offers to purchase them. Security did not advertise the vehicle for sale.

On May 28, 1987, Security sold the 1976 Huntsman for $2,000, leaving a deficiency balance on the note of $4,286.02. The

Prendergasts failed to pay any part of the deficiency and Security brought suit to collect it. At trial, the Prendergasts argued that Security had failed to comply with applicable provisions of the New Mexico Uniform Commercial Code concerning the disposal of repossessed collateral. The trial court found, however, that Security had given sufficient notice to the Prendergasts of the impending private sale and had sold the collateral in a commercially reasonable manner despite the lack of advertising. The district court awarded Security the amount of the deficiency, plus interest and reasonable attorney fees.

The issue raised on appeal is whether the sale was commercially reasonable when the vehicle was never advertised for sale.

■ Under the Uniform Commercial Code every aspect of the disposition of secured collateral must be commercially reasonable. NMSA 1978, § 55–9–504(3) (Repl.Pamp.1987); *Clark Leasing Corp. v. White Sands Forest Prods., Inc.*, 87 N.M. 451, 535 P.2d 1077 (1975). Section 55–9–504 places upon the creditor the good faith duty to the debtor to use reasonable means to see that a reasonable price is received for the collateral. *Clark Leasing Corp.*, 87 N.M. at 454, 535 P.2d at 1080. The determination of commercial reasonableness will turn on the particular facts of each case, *Villella Enterprises, Inc. v. Young*, 108 N.M. 33, 35, 766 P.2d 293, 295 (1988), and where the evidence concerning commercial reasonableness is contradictory, the issue is a question of fact. *Clark Leasing Corp.*, 87 N.M. at 454, 535 P.2d at 1080; *Richardson Ford Sales, Inc. v. Johnson*, 100 N.M. 779, 786, 676 P.2d 1344, 1351 (Ct.App.1984). The appellate issue is whether there is substantial evidence to support the finding.

■ In this appeal, however, the Prendergasts do not posture their argument in terms of a lack of substantial evidence. Indeed, a transcript of the proceedings before the trial court and the trial exhibits have not been provided for our review.[1] We have no idea what evidence may have been presented to the trial court concerning the method and manner of the private sale in question, other than the fact that customers of a certain dealer in used automobiles were somehow able to view the repossessed vehicle and submit written offers. Only the official court record, which includes the trial court's findings of fact and conclusions of law, are before us. Accordingly, our review is more limited than normally would be the case, and we focus solely on whether the lack of advertising is determinative.

■ Advertising, a form of notice to the public, may be an important factor in the commercial reasonableness of any sale. In the public sale of collateral to the highest bidder at a particular time and place, adequate notice to a relevant public is essential. *See Villella Enterprises*, 108 N.M. at 37, 766 P.2d at 297; *see also Foster v. Knutson*, 84 Wash.2d 538, 544, 527 P.2d 1108, 1114 (1974) (en banc) (setting standards for conducting a public sale). Advertising may even play an important role in certain private sales, *e.g.*, *Piper Acceptance Corp. v. Yarbrough*, 702 F.2d 733 (8th Cir.1983) (invitation for bids placed in a monthly trade publication); *Ford Motor Credit Co. v. Solway*, 825 F.2d 1213 (7th Cir.1987) (advertisement of upcoming wholesale auction of automobile inventory sent to other dealers), although we see no reason why this should always be the case. *Cf., Trimble v. Sonitrol of Memphis, Inc.*, 723 S.W.2d 633 (Tenn.Ct.App.1986) (reliance upon personal contacts within industry); *Hall v. Owen County State Bank*, 175 Ind.App. 150, 370 N.E.2d 918 (1977)

---

1. The argument that a judgment is not supported by substantial evidence is waived unless a party's brief-in-chief includes a summary of the substance of the evidence bearing upon the proposition, together with citations to the record proper, transcript of proceedings or exhibits before the trial court. SCRA 1986, 12–

213. It is the appellant's responsibility to provide a record sufficient for review. Where the record is incomplete we must infer the missing portions would support the trial court's ruling. *State v. Padilla*, 95 N.M. 86, 619 P.2d 190 (Ct. App.1980).

(sale privately negotiated with used car and truck dealer); *Swanson v. May*, 40 Wash. App. 148, 697 P.2d 1013 (1985) (farm equipment marketed by locating it next to large "For Sale" sign bordering highway). *Accord Richardson Ford Sales*, 100 N.M. at 785–88, 676 P.2d at 1350–53. Rather than adequate notice to a relevant public of an impending public sale, notice calculated to achieve competitive bidding, the commercial reasonableness of private sales must rest upon other factors. We will make no attempt to list such factors here. When suing to collect a deficiency it is the creditor's burden to establish the basis for the commercial reasonableness of the private sale. *See Clark Leasing Corp.*, 87 N.M. at 454, 535 P.2d at 1080 (burden of proof upon creditor in suit for deficiency judgment to show that sale was commercially reasonable in all aspects).

■ The Commercial Code specifically recognizes that either public or private proceedings may be used to dispose of secured collateral so long as every aspect of the disposition is commercially reasonable. NMSA 1978, § 55–9–504(3). While leaving the terms "public" and "private" sales undefined, the Code provides several examples of commercially reasonable sales.[2]

> If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner.

NMSA 1978, § 55–9–507(2). The official comment to Section 55–9–507 also states that a sale of the collateral to or through a dealer, fairly conducted, is recognized as commercially reasonable under that section. NMSA 1978, § 55–9–507 official comment 2. As these examples suggest, the Code encourages sales of repossessed collateral through regular commercial channels as opposed to public auction which often times yields only disappointing results. A satisfactory sale through regular commercial channels can often times be privately negotiated without the need for advertising. As with public sales, the commercial reasonableness of a private sale will depend upon the particular facts of each case. However, notice to the public at large, through advertising or other means, is not an essential factor when a sale is privately negotiated. Contrary to what the Prendergasts might suggest, nothing in our recent decision, *Villella Enterprises*, is in conflict with what we say here. *See Villella Enterprises, Inc. v. Young*, 108 N.M. 33, 766 P.2d 293 (1988) (summary judgment in favor of creditor reversed where notice of public sale was published in a weekly legal periodical on just two occasions, only the creditor attended the sale and he purchased the collateral for a price well below an offer privately made).

The deficiency judgment for default on a promissory note is affirmed. Each party shall bear their own costs on appeal.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.

---

**2.** The methods set forth in Section 55–9–507(2) were not intended to be exclusive and other forms of either public or private sales may certainly be commercially reasonable. *See* NMSA 1978, § 55–9–507 official comment 2.