The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion concerning the repossession of financed automobiles which have been removed from the state. You note that your constituent is concerned about individuals who take financed vehicles out of state and then stop making payments. By "repossession," I assume your question intends to focus on the relationship between the debtor and creditor, and the creditor's attempt to gain a default judgment against the debtor after resale of the repossessed automobile. You have asked what laws are in place to assist in repossessing vehicles that have been taken across state lines.
The primary laws dealing with repossession of secured collateral are set out at A.C.A. §§ 4-9-501—507 (Repl. 1991). Section4-9-503 gives a secured party the right to take possession of collateral on default. Section 4-9-504 states that the secured party after default may dispose of the collateral, and the proceeds may be applied to "the reasonable expenses of retaking, holding, preparing for sale or lease, selling, leasing, and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party." A.C.A. § 4-9-504(1)(a). This section has been applied to the repossession and resale of secured interests in automobiles. See Brown v. Ford,280 Ark. 261, 658 S.W.2d 355 (1983). There, the court held that recovery of any commercially reasonable cost in preparing a repossessed automobile for resale would be allowed under this section. Seealso Thrower v. Union Lincoln-Mercury, Inc., 282 Ark. 585,670 S.W.2d 430 (1984), and Svestka v. First National Bank,269 Ark. 237, 602 S.W.2d 604 (1980).
With regard to the issue of which state's laws would be applicable to the repossession, it is generally held that the law of the state where the collateral is located is the law which governs. See generally 79 C.J.S. Supp. Secured Transactions
§ 5 (1974).
A factual inquiry into the circumstances surrounding the particular sales contract as well as the secured interest would, of course, be necessary in any determination as to which state's laws would govern any subsequent repossession pursuant to the above provision.
As a general matter, however, a secured party, such as one who had provided financing for an automobile, would not appear to be prevented from going out of state to repossess the vehicle from an individual who had defaulted on the note. The repossession may, however, subject the secured party to the laws of the state from which the automobile is repossessed.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh