# HAROLD GWATNEY CHEVROLET COMPANY *v.* Clint COOPER

CA 92-711 850 S.W.2d 19

Court of Appeals of Arkansas
Division I
Opinion delivered March 17, 1993

*Walker & Black*, by: *Kendell R. Black*, for appellant.

*Paul A. Schmidt*, for appellee.

MELVIN MAYFIELD, Judge. The trial court denied a deficiency judgment to appellant, Harold Gwatney Chevrolet Company, after finding that it failed to comply with Ark. Code Ann. § 4-9-504(3) (Repl. 1991), which requires that reasonable notification of the time and place of sale be given to the debtor before disposition of the collateral securing a debt. Appellant contends that its notice was in compliance with the statute and that the trial court erred in finding the vehicle was sold at public, rather than private, sale.

On March 15, 1989, appellant sold a 1988 Chevrolet Cavalier to appellee, Clint Cooper. The vehicle was financed through a retail installment contract with General Motors Acceptance Corporation (GMAC) which required appellant to repurchase the contract in the event of appellee's default. Appellee defaulted under the terms of the contract, and the automobile was repossessed by appellant. On August 21, 1989, appellant sent appellee the following notice by certified mail, return receipt requested:

> Please be advised that Harold Gwatney Chevrolet Company, Jacksonville, Arkansas, will sell at private sale to foreclose their lien on your 1988 Chevrolet Cavalier, serial number 1G1JC5115JJ114046, after August 28, 1989, at their place of business in the regular couse [sic] of business.

> Anytime prior to August 28, 1989, you can redeem the automobile by paying to Harold Gwatney Chevrolet Company, the balance due on this vehicle in the amount of $7,538.76, plus expenses.

> The amount for which the vehicle is sold at private sale will be credited against the balance you owe on the vehicle. If the sale price is less than the amount owed, Harold Gwatney Chevrolet Company will hold you liable for the balance due them. To the amount owed will be

added the following items:

1.  The cost of getting the vehicle returned.

2.  The cost of getting the vehicle in a saleable condition.

3.  Selling expense.

4.  Attorney fees if it is necessary to give the account to an attorney for collection.

The vehicle was reconditioned by appellant and placed on its used car lot for sale. The vehicle was sold two months later for $4,907.93, leaving a deficiency of $2,962.31. Appellant sued for judgment on the deficiency, but appellee denied it was entitled to judgment, contending that appellant failed to give him adequate notice of the sale of the vehicle and that the vehicle was not disposed of in a commercially reasonable manner.

At trial, the appellee maintained he did not receive notice of the sale and that the vehicle was disposed of by public sale although the notice of sale specified it would be sold by private sale. The trial court found that the appellant sent notice of private sale to appellee as required by § 4-9-504(3) but held the notice was insufficient because "placing a vehicle on a lot and selling it a good deal of time subsequent to the redeemable time to the general public off of the used car lot is a public sale." On appeal, appellant contends the trial court erred in finding appellee's vehicle was sold by public sale. We agree.

■   The Uniform Commercial Code does not define "public sale" or "private sale"; however, this court has held that a sale made at auction to the highest bidder "generally" is a public sale. *General Elec. Credit Auto Lease, Inc.* v. *Paty*, 29 Ark. App. 30, 32-33, 776 S.W.2d 829, 831 (1989). In his treatise, *Uniform Commercial Code*, author Ronald Anderson discusses the elements of a public sale:

> A sale of collateral is "public" when it is publicly advertised, the sale is open to the public, and the sale is made, after competitive bidding, to the highest genuine bidder; as at an auction.

> The opportunity of the public to bid at the sale is the essential criterion that determines that the sale is a public sale and the fact that no bids are made and that the property is transferred by the assignee to the assignor under a repurchase agreement by which the assignor was deemed to have bid an amount equal to the balance due does not bar the conclusion that the transaction was a "public sale."
>
> . . . .
>
> The fact that the collateral is publicly displayed before being sold does not make the sale a public sale.

9 Ronald A. Anderson, *Uniform Commercial Code* § 9-504:32, at 733 (3d ed. 1985). Another treatise has stated:

> The text of the Code is silent on how public and private sales are to be differentiated. Comment One to 9-504 directs us to 2-706 where Comment 4 defines a public sale as an auction. Yet not every sale by auction is a public sale. Some case law is more helpful. Thus, in *Lloyd's Plan, Inc.* v. *Brown* [268 N.W.2d 192 (Iowa 1978)], the Iowa Supreme Court said that: "The essence of a public sale is that the public is not only invited to attend and bid but is also informed when and where the sale is to be held." Other courts have, in the same spirit, stressed that a public sale is one open to the general public or a major segment thereof, and thus contemplates advertising of the notice, time and place of the sale. A private sale, by contrast, is not open to the general public, usually does not occur at a pre-appointed time and place, and may or may not be generally advertised.

James J. White & Robert S. Summers, *Uniform Commercial Code* § 27-10, at 594 (3d ed. 1988). And in *Benton v. General Mobile Homes, Inc.*, 13 Ark. App. 8, 678 S.W.2d 774 (1984), this court stated:

> The Code does not define either "public sale" or "private sale", but in *Union and Mercantile Trust Co. v. Harnwell*, 158 Ark. 295, 250 S.W.2d 321 (1923), the Arkansas Supreme Court adopted the definition of a public sale as one made at auction to the highest bidder.

Although the case relied upon in *Benton* was not decided under the Commercial Code, other jurisdictions which have addressed this issue have concluded that simply because a vehicle is displayed for sale in a public place does not make the sale a public sale. *See Lloyd's Plan, Inc.* v. *Brown*, 268 N.W.2d 192, 196 (Iowa 1978); *Boatmen's Nat'l Bank of Carthage* v. *Eidson*, 796 S.W.2d 920, 923 (Mo. Ct. App. 1990). And merely because a vehicle is placed on the creditor's car lot for sale does not make the sale a public sale. *Security Fed. Sav. & Loan* v. *Prendergast*, 108 N.M. 572, 775 P.2d 1289, 1290-91 (1989); *Chrysler Dodge Country, U.S.A., Inc.* v. *Curley*, 782 P.2d 536, 539-40 (Utah Ct. App. 1989). *See also Contois Motor Co.* v. *Saltz*, 198 Neb. 455, 253 N.W.2d 290 (1977).

Here, the trial court, in finding that the disposition of appellee's vehicle was by public sale, cited this court's holding in *Jones* v. *Union Motor Co.*, 29 Ark. App. 166, 779 S.W.2d 537 (1989). In that case, the appellant's vehicle was repossessed after she defaulted on the payments due under the retail installment contract. GMAC, the finance company, sent her a notice which stated in part:

> Since you have not made your payments, we have taken your vehicle. It is to be held at *Union Motor Co., Hwy 81 S., Monticello, AR*. It must be held at least until 9:00 a.m. *Nov. 3, 1986*. It may be sold at any time after that. (A sale includes a lease.)

29 Ark. App. at 168, 779 S.W.2d at 538. The automobile in the *Jones* case was placed on the appellee's lot for sale to the general public and remained there for approximately four months, when it sold for $275.00. There was evidence that several automobile wholesalers looked at the automobile in order to ascertain its value and that $275.00 was all the appellee could get for it. The circuit court subsequently awarded a $1,347.92 deficiency to the appellee. On appeal, the appellant argued, among other things, that the notice was not sufficient under the requirements of the Uniform Commercial Code and that the sale was not conducted in a commercially reasonable manner. This court disagreed with the appellant, pointing out that Ark. Code Ann. § 4-9-504(3) does not require that the words "public" or "private" be used in the notice and that the notice clearly indicated the automobile

was located at the appellee's address, where it was ultimately sold by private sale. In holding there was adequate compliance with the statute we quoted from White & Summers, *Uniform Commercial Code* § 27-12 at 598-99 (3d ed. 1988) as follows:

> Before the creditor can sell or otherwise dispose of the collateral, 9-504(3) requires the creditor to send notice to the debtor.
>
> The purpose of notice is to give the debtor an opportunity either to discharge the debt and redeem the collateral, to produce another purchaser or to see that the sale is conducted in a commercially reasonable manner.
>
> Cases involving notice issues should be resolved with these three purposes in mind.

*Jones*, 29 Ark. App. at 173, 779 S.W.2d at 541.

In the case at bar, the notice sent appellee stated his vehicle would be sold by private sale at appellant's place of business in the regular course of business. There is no evidence that appellant disposed of the vehicle in a manner inconsistent with this notice, and the trial court did not find that it was disposed of in a manner which was commercially unreasonable. The court denied appellant a deficiency judgment on the finding that the vehicle was disposed of by public sale. We hold that the trial court's finding on this point is clearly erroneous.

The trial court's finding also contained a reference to the length of time it took to dispose of appellee's vehicle. The notice stated the vehicle would be sold after August 28, 1989, and the vehicle was sold two months later on October 30, 1989. In *Brown* v. *Ford*, 280 Ark. 261, 658 S.W.2d 355 (1983), the supreme court held that a notice of private sale given sixteen months before the sale actually took place was sufficient, stating: "The secured party has only a duty to give reasonable notice of the time after which any private sale will be made. A second notice is not required even though a significant period of time passes before resale." 280 Ark. at 264, 658 S.W.2d at 357. In *Jones* v. *Union Motor Co., supra,* this court affirmed a sale as commercially reasonable that took place four months after the date specified in the notice of private sale. *See* 29 Ark. App. at 174, 779 S.W.2d at 542.

■ In the instant case, it is not clear that the trial court actually found that the two-month period between the date of sale given in the notice and the date the vehicle was sold prevented the sale from being "commercially reasonable." At any event, we do not think the evidence in the case would support such a finding.

The appellee also cites our case of *Womack* v. *First State Bank of Calico Rock*, 21 Ark. App. 33, 728 S.W.2d 194 (1987), where we cited White and Summers, *Uniform Commercial Code* § 26-11 (2d ed. 1980) as suggesting that "even in cases which cite the failure to give proper notice as the reason for holding that a sale was not commercially reasonable, the true, though unarticulated reason, may be an insufficiency of the sale." 21 Ark. App. at 40, 728 S.W.2d at 197. However, at the beginning of the trial in this case both parties stipulated that "if the car was sold in a reasonable commercial manner under the UCC and if Mr. Cooper did receive notification," the balance owed on the contract, as shown on Exhibit "B" to appellant's complaint, would be $2,962.31.

■ With the above stipulation and the appellee's failure to cross-appeal or question the trial court's finding that appellee received notification of the sale, the only issues presented are whether the sale was private and whether the two-month period between notice and sale was commercially reasonable. On appeal, these two issues have been resolved against the appellee. It appears that this case has been fully developed and that appellant is entitled to recover. In law cases, we do not remand for new trial if the case has been fully developed. *See Follett* v. *Jones*, 252 Ark. 950, 481 S.W.2d 713 (1972); *St. Louis Southwestern Railway Co.* v. *Clemons*, 242 Ark. 707, 415 S.W.2d 332 (1967); *Bolan* v. *Bolan*, 32 Ark. App. 65, 796 S.W.2d 358 (1990). Therefore, we reverse and remand this case for the trial court to enter judgment in keeping with this opinion.

Reversed and remanded.

JENNINGS, C.J., and PITTMAN, J., agree.