# GENERAL ELECTRIC CREDIT AUTO LEASE, INC.
## *v.* Charles V. PATY

CA 89-156                                        776 S.W.2d 829

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989

*Walker & Poff,* by: *Frank A. Poff, Jr.,* for appellant.

*Paul A. Schmidt,* for appellee.

GEORGE K. CRACRAFT, Judge. General Electric Credit Auto Lease, Inc., appeals from an order of the Pulaski County Circuit Court denying it a deficiency judgment on the grounds that it did not follow the provisions of the Uniform Commercial Code in the disposition of a vehicle in which it had a security interest. Appellant contends that the trial court erred in finding that appellee was not sent proper notice of the intended sale of the vehicle. We find no error and affirm.

In February, 1985, appellee obtained possession of a vehicle from a local automobile dealer under an instrument styled "New Vehicle Lease Agreement (Closed-end With Fixed Purchase Option)." The terms of the agreement required appellee to make forty-eight monthly lease payments, and gave him an option to purchase the vehicle at the end of the period at a price and on conditions set forth in the instrument. The lessor subsequently assigned the agreement to appellant.

When appellee defaulted on his payments, appellant caused the vehicle to be repossessed. On August 25, 1986, appellant sent to appellee a notice informing him that, unless suitable arrangements were made with appellant within fifteen days, it would "offer said vehicle for sale at its established business address shown hereon." The address shown thereon was in Barrington, Illinois. The vehicle was thereafter sold at auction by Paragould Auto Auction, Inc., in Paragould, Arkansas, for the sum of $6,890.25.

At the time of the sale, the balance due under the agreement, together with costs of retaking, holding, and preparing the vehicle for sale, exceeded the proceeds of the sale by $6,422.12. Appellant sought a deficiency judgment in that amount. Appellee answered, contending that appellant was not entitled to a deficiency judgment because, among other things, appellee had not been sent reasonable notice of the time and place of sale. The trial court found that appellant had failed to give reasonable notice of the sale in the manner required by the Uniform Commercial

Code and denied the prayer for a deficiency judgment.

As a general rule, leases are not subject to the provisions of Article Nine of the Uniform Commercial Code. However, a lease can be a security interest within the meaning of the code if the transaction is in every respect a secured installment sale except that the parties clothe it in lease terminology. *See Bell* v. *Itek Leasing Corp.*, 262 Ark. 22, 555 S.W.2d 1 (1977). Here, neither party contends that the instrument involved was intended as anything other than a security agreement within the meaning of the code or that it was not a proper case for application of the provisions of Article Nine. Appellant contends only that the trial court erred in finding that the notice sent to appellee was insufficient under Ark. Code Ann. § 4-9-504(3) (1987). We find no merit in this contention.

Arkansas Code Annotated § 4-9-504(1) (1987) provides that after default a secured party may sell, lease, or otherwise dispose of collateral. Arkansas Code Annotated § 4-9-504(3) (1987) provides that disposition of collateral after default may be by public or private proceedings. Subject to certain exceptions not applicable here, the clear wording of that section requires that the debtor be sent reasonable notification of the time and place of any public sale. In the event of a private sale or other intended disposition of the property, the debtor must be sent reasonable notification of the date after which that disposition will be made. It is clear that, when a creditor repossesses chattels and sells them without sending proper notice to the debtor, the creditor is not entitled to a deficiency judgment. *First State Bank of Morrilton* v. *Hallett*, 291 Ark. 37, 722 S.W.2d 555 (1987).

Appellant argues that, as the auction in question here was restricted to automobile dealers only, it was a private sale, and hence the notice sent to appellee was sufficient. However, we find nothing in the record that suggests that the auction was restricted to dealers only or that it was not open to the general public. This court will not consider arguments based on matters not contained in the record or reverse a trial judge on facts outside the record. *Harvey* v. *Castleberry*, 258 Ark. 722, 529 S.W.2d 324 (1975); *Dillard* v. *State*, 20 Ark. App. 35, 723 S.W.2d 373 (1987).

Although the code does not define "public sale" or

"private sale," this court has adopted the definition of a public sale, generally, as one made at auction to the highest bidder. *Benton* v. *General Mobile Homes, Inc.*, 13 Ark. App. 8, 678 S.W.2d 774 (1984). Here, the automobile was sold at auction by a company engaged in that business, and we cannot conclude that the trial court's determination that the sale was a public one is clearly erroneous. As reasonable notice of the time and place of the sale was not sent, the trial court was correct in holding that appellant was not entitled to a deficiency judgment. *See First State Bank of Morrilton* v. *Hallett, supra*.

Affirmed.

COOPER and ROGERS, JJ., agree.