Wilma Jean AUSTIN *v.* HIGHWAY 15 WATER USERS ASS'N

CA 89-81                                        782 S.W.2d 585

Court of Appeals of Arkansas
Division I
Opinion delivered January 17, 1990

*William W. Benton, P.A.,* for appellant.

*Ramsay, Cox, Bridgforth, Gilbert, Harrelson & Starling,*

by: *John D. Davis*, for appellee.

JUDITH ROGERS, Judge. The appellant, Wilma Jean Austin, appeals a decision of the Workers' Compensation Commission, which held that she had failed to prove by a preponderance of the evidence that the decedent suffered a compensable injury as a result of his work for the appellee, Highway 15 Water Users Association. We find there is substantial evidence to support the Commission's decision and accordingly affirm.

The record reveals that Hulon Rupert Austin, the decedent, was a supervisor for the appellee. His job duties included checking wells, checking oil in pumps, setting water meters, reading water meters and laying and repairing water lines. On March 7, 1986, Austin and a co-worker, James McGriff, proceeded to Pansey to do cover-up work on some pipe that had been laid the previous evening. As they arrived, Austin parked the truck approximately two to three hundred yards from the pipe, while McGriff unloaded a ditch witch from a trailer behind the truck. Austin cranked the empty trailer up four to five inches in order to unhook the trailer hitch from the truck. He then drove to the job site where McGriff was already working. McGriff testified that when he looked up from where he was working, he saw Austin lying on the ground. Austin died at the job site and the Cleveland county deputy coroner was contacted.

The evidence in the record concerning the cause of death was extracted from the testimony of Billy Rhodes and Dr. Richard Justiss. Billy Rhodes, the Cleveland county deputy coroner, opined that the decedent's death, as listed on the death certificate, was the result of a myocardial infarction. Rhodes testified, however, that he had no medical school training, and had taken only an emergency medical technician course. Further, Rhodes admitted that he merely *guessed* at the cause of death.

Q: Now, you're not certain that MI was the cause of death, are you?

A: That's just my opinion.

Q: I believe on the telephone you told me that it was basically just a guessing game?

A: It is.

In addition, the deputy coroner did not examine the decedent's medical records, or talk with his treating physician or his wife prior to making his determination as to the cause of death.

Dr. Richard Justiss, the decedent's treating physician, testified that under the circumstances of this case, there were four likely causes of death. Those causes included myocardial infarction, cardiac arrhythmia, stroke, and pulmonary embolus.

In an opinion rendered on November 7, 1988, the Commission concluded that there was insufficient credible evidence proving the decedent suffered a compensable injury. The Commission noted that although the deputy coroner may be qualified under the statutes to list a cause of death on a death certificate, his opinion is not conclusive. Thus, the Commission concluded and we agree, that because one is a deputy coroner, that does not, in and of itself, prove one is qualified to assess the cause of death for workers' compensation purposes. We have consistently held that questions of credibility and the weight to be given the evidence are exclusively within the province of the Commission. *Roberts-McNutt, Inc.* v. *Williams*, 15 Ark. App. 240, 691 S.W.2d 887 (1985).

In its opinion, the Commission stated "the fact that Dr. Justiss is a trained medical professional and is unable to state the claimant's cause of death is particularly significant when his experience and qualifications are compared to the qualifications of the deputy coroner who has no medical training." We agree. Although it is true that a medical opinion does not have to be expressed as a medical certainty, there must be other supplementary evidence supporting that conclusion. *Pittman* v. *Wygal Trucking Plant*, 16 Ark. App. 232, 700 S.W.2d 59 (1985). In this case, the Commission determined that the appellant offered insufficient supplementary evidence supporting the conclusion that the decedent's death was caused by his employment.

Since there is no clear evidence as to the cause of death, for us to find this claim compensable, we would have to engage in speculation and conjecture which is not a substitute for credible evidence, no matter how plausible. *See Dena Const. Co.* v. *Herndon*, 264 Ark. 791, 575 S.W.2d 151 (1979). To find this claim compensable could set the dangerous precedent of finding a claim compensable simply because the claimant died at work.

Such has never been the intent of the workers' compensation law and workers' compensation was never intended by our legislature or the courts of this state to become a general insurance policy.

After a careful and thorough consideration of the record in this case, we find there is substantial evidence to support the Commission's decision that the appellant failed to prove the decedent suffered a compensable injury as a result of his work with the appellee.

AFFIRMED.

COOPER and JENNINGS, JJ., agree.