AM CREDIT CORPORATION *v.* Steve A. RILEY and Susann Riley

CA 91-67                                                    815 S.W.2d 392

Court of Appeals of Arkansas
Division II
Opinion delivered September 18, 1991

*Faber D. Jenkins*, for appellant.

*Jerry Ryan*, for appellee.

ELIZABETH W. DANIELSON, Judge. AM Credit Corporation appeals from an order of the Polk County Circuit Court denying it a deficiency judgment against appellees. We find no error and affirm.

In March 1986, appellees leased an automobile from Mid-American Motors in Hot Springs, and Mid-American Motors subsequently assigned its rights in the lease agreement to AM

Credit Corporation (also known as Chrysler Credit Corporation). In April 1988, the appellees prematurely terminated their lease agreement with the appellant and surrendered possession of the vehicle to Mid-American Motors. Appellees subsequently received written notice from the appellant that a sale of the vehicle would take place on or after the 14th day of April, 1988, at the offices of Chrysler Credit Corporation, 10801 Executive Center Drive, in Little Rock, Arkansas. However, the vehicle was actually sold at a dealer's-only auction in North Little Rock on May 3, 1988. Appellant then filed suit against the appellees seeking to recover the balance of the debt owed after deducting the proceeds of the sale of the vehicle. The circuit judge found that, because the vehicle was actually sold at a location different from that listed in the notice, the sale was not commercially reasonable pursuant to the requirements of Ark. Code Ann. § 4-9-504(3) (1987). He therefore denied appellant's claim for a deficiency judgment.

It was not disputed at trial that the disposition of the collateral in question was made at a location different from the one listed in the notice to the appellees and at a time unknown to appellees. The record does not reflect that there was any attempt made to notify appellees of the location and date of the auction. Appellant maintains, however, that, because the sale of the vehicle was by "private sale," it was not necessary to inform appellees of the location of the sale and the notice sent complied with section 4-9-504(3), which provides in pertinent part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

The distinction between the notice requirement of a private sale and public sale was recognized by the Arkansas Supreme Court in *Barker* v. *Horn*, 245 Ark. 315, 316, 432 S.W.2d 21, 22 (1968), where the court stated that, although the statute requires notice of the time and place of public sale, only reasonable notification of

the time after which a private sale will be made is required.

Based on the record, there is no evidence to support the appellant's contention that appellees were notified that the disposition was to be by private sale and not public sale. The notice itself was not introduced into evidence, and Kay Kusenberger, an employee of AM Credit Corporation testified she did not know whether the notice provided for "public" or "private" sale. The appellate court will not consider arguments based on matters not contained in the record or reverse a trial judge on facts outside the record. *See Gen. Electric Credit Auto Lease, Inc.* v. *Paty*, 29 Ark. App. 30, 32, 776 S.W.2d 829, 831 (1989). Even if we assume without deciding that a dealers-only auction is a private sale, appellant's argument still must fail as appellant has not shown that appellees were notified that the disposition would be by private sale.

"When the code provisions have delineated the guidelines and procedures governing statutorily created liability, then those requirements must be consistently adhered to when that liability is determined." *First Nat'l Bank of Wynne* v. *Hess*, 23 Ark. App. 129, 134, 743 S.W.2d 825, 827 (1988), quoting *First State Bank of Morrilton* v. *Hallett*, 291 Ark. 37, 41, 722 S.W.2d 555, 557 (1986). "If the secured creditor wishes a deficiency judgment he must obey the law. If he does not obey the law, he may not have his deficiency judgment." *First State Bank of Morrilton*, 291 Ark. at 41, 722 S.W.2d at 557, quoting *Atlas Thrift Co.* v. *Horan*, 27 Cal. App. 3d 999, 104 Cal. Rptr. 315, 321 (1972).

We agree with the circuit judge that this notice was not in compliance with the requirements of Ark. Code Ann. § 4-9-504(3) (1987). The appellant is therefore barred from obtaining a deficiency judgment against the appellees.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.