Vience SHAW *v.* COMMERCIAL REFRIGERATION

CA 91-16                                    818 S.W.2d 589

Court of Appeals of Arkansas
Division II
Opinion delivered November 13, 1991

*Whetstone and Whetstone*, by: *Gary Davis*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Ralph R. Wilson*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Vience Shaw appeals from an order of the Arkansas Workers' Compensation Commission denying his claim for benefits upon a conclusion that he had failed in his burden of proving his entitlement to benefits by a preponderance of the evidence. Appellant contends that the decision is not supported by substantial evidence and that the Commission failed to conduct a *de novo* review in violation of his right to due process of law. We affirm.

On appellate review of decisions of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if those findings are supported by substantial evidence. Where, as here, the Commission has denied a claim because of failure to show entitlement to benefits, the substantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987); *Williams* v. *Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark. App. 1979). Questions concerning the credibility of witnesses and the weight to be given their testimony are exclusively within the province of the Commission. *Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989); *Austin* v. *Highway 15 Water Users Association*, 30 Ark. App. 60, 782 S.W.2d 585 (1990).

Appellant filed this claim contending that he was entitled to temporary total disability benefits as a result of an injury allegedly suffered in the course and scope of his employment with appellee. He testified that he suffered a work-related injury to his back on March 14, 1988, while lifting refrigeration tanks with co-worker Aubrey Burton. Appellant stated that he informed the co-workers with whom he carpooled of the injury that afternoon and the he had also informed the company nurse, his foreman, and several other friends the he had sustained an injury and that it was job related.

In its opinion, the Commission pointed out that none of the witnesses to whom appellant stated he had reported his injury corroborated his testimony, including the person with whom appellant said he was working at the time of the injury. The Commission also noted that appellant had failed to call as witnesses a number of other persons who he stated could corroborate his testimony. The Commission commented that, perhaps more importantly, appellant's own testimony "is contra-dictory, thereby indicating that his testimony is not credible." It then discussed several instances in which appellant's testimony had been contradictory, both as to his actions following the alleged work-related injury and as to his medical history regarding prior injuries to his back. Finally, the Commission noted that the April 6, 1988, report of Dr. James Grissom reflected that appellant had sought treatment for back pain that had been present for "quite some time" and indicated that appellant made no mention to him of an on-the-job injury. The Commission concluded as follows:

> Given all the facts in this case, we find that the claimant has failed to meet his burden of proving by a preponderance of the evidence that he suffered a compensable injury. Here, claimant's testimony is not corroborated by anyone working for the respondent or even claimant's friends. Further, the evidence reveals that the claimant mistakenly remembered an entire conversation which never occurred. Given those facts, *we find that claimant's testimony is not credible.* . . . Here, the evidence of record indicates the claimant's testimony is not corroborated and that he has made numerous inconsistent statements.

Accordingly, we find that the claimant has failed to meet his burden of proof and affirm the Administrative Law Judge's decision. Therefore, this claim is respectfully denied and dismissed. [Emphasis added.]

■■ It is clear that the burden was upon appellant to prove by a preponderance of the evidence that he had suffered a compensable injury. It is also clear, on the facts of this case, that appellant's credibility was of vital importance to his carrying of that burden. From our review of the record, we conclude that the Commission's finding that appellant was not credible was a permissible one and that the Commission's opinion displays a substantial basis for the denial of relief. *See Linthicum* v. *Mar-Bax Shirt Co., supra.*

■ Appellant also argues that this court should follow the rule applied in federal courts and some sister states that a decision of an administrative agency must be supported by "substantial evidence on the record as a whole." This argument was expressly rejected by the supreme court in *Scarbrough* v. *Cherokee Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991).

■ Appellant next contends that, because the Commission reached the same result as the administrative law judge, the Commission failed to conduct the required *de novo* review of the record and thus deprived him of his right to due process of law. We find no merit in this contention for a number of reasons. In the first place, the Commission's opinion recites that it made a *de novo* review of the record, and we will not presume otherwise. Furthermore, the Commission wrote a lengthy and detailed opinion, demonstrating that it did, in fact, review the record *de novo.*

■■ We also note that the due process issue was not raised before the Commission. In *Johnson* v. *Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989), and *Hamilton* v. *Jeffery Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982), we held that the rule that prohibits presentation of constitutional issues for the first time on appeal applies with equal force to appeals from the Commission. In *Hamilton*, we pointed out that such issues should be raised at the administrative law judge or Commission level because constitutional questions often require an exhaustive analysis and the preparation of a record that we can review. This case demon-

strates the wisdom of such a rule. In support of appellant's contention that there is "a staggering ratio of affirmations of the opinions of the Administrative Law Judges as opposed to reversals," he argues from what he asserts is a compilation of statistics showing numbers of cases affirmed and reversed by the Commission in 1988, 1989, and 1990. These statistics are not in the record and opposing counsel had no opportunity to develop the issue, present rebutting evidence, or contradict the conclusions arrived at by appellant. The Commission had no opportunity to determine their correctness or applicability. The issue, therefore, should not be addressed for the additional reason that we do not address arguments that are based on facts not properly contained in the record. *See General Electric Credit Auto Lease, Inc.* v. *Paty*, 29 Ark. App. 30, 776 S.W.2d 829 (1989).

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.