PUBLIC EMPLOYEE CLAIMS DIVISION, et al. *v.* Neva TINER

CA 91-112                                                     822 S.W.2d 400

Court of Appeals of Arkansas
Division I
Opinion delivered January 22, 1992

*Richard S. Smith*, for appellant.

*Sam Boyce*, for appellee.

ELIZABETH W. DANIELSON, Judge. In this workers' compensation case, appellants contend that the commission's findings that appellee sustained a compensable injury and that she is temporarily totally disabled are not supported by substantial evidence. We affirm.

At the time of the hearing in this matter, appellee was 63 years old and had been employed by the Newport Public School System for 33 years. It is undisputed that appellee has had a hiatal hernia and gastrointestinal problems for a number of years preceding the date of the injury. On January 6, 1988, appellee was called in to work to cook 90 pounds of hamburger meat. The school was closed due to weather conditions and no other employees were called in to assist appellee. Appellee was required to lift heavy pots to the top of the stove and stir the meat with a paddle during the cooking process. Appellee then had to clean out a waist-high chest-type freezer in order to put the meat into it. Appellee testified that during this cooking and cleaning process

she felt like something ripped in her chest and she began to experience pain so intense that she was crying and taking medicine while completing her task. After she completed her duties a worker from another school came by to take her home. As they were leaving, appellee saw her supervisor and reported her condition to him, telling him to be sure to file her injury with workers' compensation. Appellee contacted Dr. Green that evening, but was unable to see him until January 10, 1988, due to the road conditions. Dr. Green referred appellee to Dr. Allen, who performed surgery for repair of a large esophageal hiatal hernia.

Appellee tried to work some following the January 6 injury, but was unable to continue with her duties. Appellee's daughter testified that before the January 6 injury, appellee had been able to do her own housework, but could not do so following the injury. The appellee contends, and the commission found, that she suffered an aggravation of a pre-existing hiatal hernia in the course and scope of her employment, which necessitated the surgical repair of the hernia, and that as a result of the injury, she has been unable to return to work. Appellants contend that the hernia predated the January 6 incident and that there was no connection between appellee's work activity and the surgical repair of her hernia, but rather that appellee had a long history of gastrointestinal problems that ultimately resulted in the need for surgical repair of the hiatal hernia.

The findings of the Workers' Compensation Commission must be upheld on review if there is substantial evidence to support them. *Scarbrough* v. *Cherokee Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991). Before we can reverse a decision of the commission, we must be convinced that fair-minded persons with the same facts before them could not have reached the same conclusion reached by the commission. *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1981).

In workers' compensation law, the employer "takes the employee as he finds him" and employment circumstances that aggravate pre-existing conditions are compensable. *Nashville Livestock Comm'n* v. *Cox*, 302 Ark. 69, 787 S.W.2d 664 (1990). In *Loveless* v. *Garrison Furn. Co.*, 251 Ark. 776, 475 S.W.2d 158 (1972), the supreme court held that a hiatal hernia does not come within the purview of the statutory restrictions

applying to other types of hernias; claims involving hiatal hernias are governed by the general provisions of workers' compensation law. Appellants argue that the medical evidence does not provide substantial evidence that appellee's hiatal hernia was aggravated by her work activity to the degree that surgery would be required. However, Dr. Green stated in a letter admitted into evidence that he felt appellee's hiatal hernia condition could have been aggravated by the activity that she was required to perform in carrying out the duties of her employment. Appellants also rely on letters written by Dr. Silvoso, in which he states basically that as a rule hiatal hernias do not result from physical activity such as stirring the hamburger meat. This argument is irrelevant because appellee acknowledges that the hernia existed prior to her injury. Appellants also rely on Dr. Silvoso's statement that a hernia would probably be aggravated to an extent requiring surgery only if the person were involved in strenuous, stooping-over type activity for a prolonged period of time. However, Dr. Silvoso also admits in his letter that he did not have all the necessary facts and could not make a judgment as to the degree appellee's work activities aggravated her pre-existing condition.

At any rate, the commission has the duty of weighing medical evidence as it does any other evidence, and the resolution of conflicting evidence is a question of fact for the commission. *Mack* v. *Tyson Foods, Inc.*, 28 Ark. App. 229, 771 S.W.2d 794 (1989). Questions of credibility and the weight to be given the evidence are exclusively within the province of the commission. *Austin* v. *Highway 15 Water Users Ass'n*, 30 Ark. App. 60, 782 S.W.2d 585 (1990). We find there is substantial evidence to support the commission's finding that appellee sustained a compensable injury.

Appellants also question the commission's award of temporary total disability, claiming appellee's healing period has already ended. In the administrative law judge's opinion, which was adopted by the full commission, he pointed out that the surgeries resulting from the compensable injury resulted in an extended period of absence from work, and that appellee has been unable to continue with her duties. We cannot say the finding of the commission that appellee is entitled to temporary total disability is not supported by substantial evidence.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.