Euleta WARE *v.* H. S. GARDNER

91-315 827 S.W.2d 657

Supreme Court of Arkansas
Opinion delivered April 13, 1992

*Willard Proctor, Jr.*, for appellant.

*Kemp, Duckett, Hopkins & Spradley*, by: *Donald K. Campbell*; and *Rudolph B. Hopkins, P.A.*, for appellee.

STEELE HAYS, Justice. The single procedural question presented by this appeal is whether a trial court can vacate an order dismissing an action for failure to prosecute more than ninety days after the order of dismissal. The trial court held that under Ark. R. Civ. P. 60(b) it lost jurisdiction to reinstate the action after ninety days. We agree with that conclusion.

This appeal springs from two cases involving the same parties and subject matter. Ms. Euleta Ware (appellant/plaintiff) sued for damages sustained in a fall on August 5, 1985, at a laundromat belonging to H.S. Gardner (appellee/defendant). Ms. Ware's first action (case No. 88-3883) was ordered dismissed on November 30, 1988, for failure to prosecute. Some four months later, on March 21, the action was purportedly reinstated by an order vacating the order of dismissal. On the following September 2nd, Ms. Ware took a non-suit.

When Ms. Ware filed a second action on July 2, 1990 (case No. 90-3182), which is now before us on appeal, Gardner moved to dismiss, contending the court had no authority to reinstate the original action because it lost jurisdiction ninety days after the dismissal order. Gardner further contended that because Ms. Ware's second action was not filed within one year after the November 30 dismissal, it was not brought within the time allowed under the saving statute and was therefore barred. Arkansas Code Ann. § 16-56-126 (1987). The trial court sustained the argument and we affirm.

Gardner argues alternatively that the trial court could be affirmed on the strength of Ark. R. Civ. P. 41. Rule 41 provides that when an action is dismissed a second time it operates as an

adjudication on the merits. However, the trial court did not address that argument and we will confine ourselves to the approach taken by the trial court.

Ms. Ware relies largely on language from *Cole v. First National Bank*, 304 Ark. 26, 800 S.W.2d 412 (1990). First National Bank had obtained a default judgment against Cole in 1984 for an unpaid promissory note. Service of process was sent by certified mail to Cole at a Houston, Texas, post office box. The return receipt was signed by Cole's stepdaughter. In April of 1989 Cole was notified that his bank account was subject to set-off pursuant to the default judgment and he moved to set aside the judgment alleging that he had never been personally served and had no notice, actual or constructive, of the proceeding against him. The trial court denied Cole's requested relief. On appeal Cole argued the motion should have been granted and the bank's cause of action dismissed with prejudice because it was now barred by the statute of limitations. This court agreed with Cole's first argument, but rejected the second, observing that the bank had a right to rely on the default judgment, which specifically found that Cole had been "personally served in the time and manner required by law." That finding was effectively reaffirmed several years later when Cole's motion to set aside the default judgment was denied by the trial court. We held that under the circumstances the bank had a right to assume its action was timely commenced.

Drawing an analogy to the *Cole* case, Ms. Ware submits she had a right to rely on the March 21, 1989, order reinstating her initial cause of action. But we do not regard the two situations as comparable. In *Cole* the determination that the trial court's finding was erroneous was not evident from the judgment itself, indeed, the issue was resolved only by way of contested proceedings at the trial and appellate levels. In contrast, the invalid order purportedly vacating an order entered some four months earlier was patently in conflict with Rule 60(b).

Affirmed.