## Brent STORY *v.* Linda SPENCER

CA 92-512                                           847 S.W.2d 48

Court of Appeals of Arkansas
En Banc
Opinion delivered February 17, 1993

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* for appellant.

*R. I. Womack,* for appellee.

JAMES R. COOPER, Judge. The appellee in this civil case was injured in a motor vehicle accident on April 5, 1986. More than three years later, on April 10, 1989, the appellee filed this action alleging that her injury was caused by the appellant. On April 27, 1989, the appellant moved to dismiss on the ground that the appellee's complaint was not filed within the time allowed by the statute of limitations. After a hearing on October 13, 1989, the trial court found that the parties had agreed to extend the statute of limitations, and denied the motion to dismiss. More than one year later, on August 20, 1991, the trial court dismissed the case without prejudice for want of prosecution pursuant to Ark. R. Civ. P. 41(b). More than 90 days after the order of dismissal, the appellee filed a motion to reopen the case on January 16, 1992. The motion was granted, the case was submitted to the court, and judgment was entered for the appellee in the amount of $25,000. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in ruling that the appellee's cause of action was not barred by the statute of limitations, and that the trial court lacked the authority to reopen the case. We address only the second issue because we find it to be dispositive.

In *Ware* v. *Gardner*, 309 Ark. 148, 827 S.W.2d 657 (1992), the question presented was identical to that raised by the appellant in the case at bar, i.e., whether a trial court can vacate an order dismissing an action for failure to prosecute more than ninety days after the order of dismissal. The Supreme Court held that, under Ark. R. Civ. P. 60(b), the trial court lost jurisdiction to reinstate the action after ninety days. Applying the rule in *Ware, supra*, to the case at bar, we hold that the trial court was without authority to reopen the present action more than ninety days after the dismissal for want of prosecution, and we reverse.

We note that the appellee has argued for affirmance that the ninety-day limitation in Rule 60(b) does not apply because her attorney never received notice of the court's order as required by Ark. R. Civ. P. 41(b), and that the judgment in her favor was entered by consent of the parties and is therefore non-appealable. Both of these arguments are premised on assertions by the appellee which are not supported by evidence contained in the record; therefore, we will not consider them. *See Shaw* v. *Commerical Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991); *AM Credit Corp.* v. *Riley*, 35 Ark. App. 168, 815 S.W.2d 392 (1991).

Reversed and dismissed.