## SOUTH CENTRAL ARKANSAS DRUG TASK FORCE, et al. *v.* Keith RAY

CA 96-126                                         937 S.W.2d 682

Court of Appeals of Arkansas
Division IV
Opinion delivered February 5, 1997

[Petition for rehearing denied March 5, 1997.]

*Richard S. Smith*, for appellants.

*McMillan, Turner, McCorkle & Curry*, by: *Ed McCorkle*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellee Keith Ray is an employee of appellant South Central Arkansas Drug Task Force (SCDTF). On June 29, 1993, Mr. Ray was involved in a drug raid and injured his right knee while attempting to kick in a door. He subsequently underwent knee surgery and incurred medical expenses for his treatment. Mr. Ray filed for workers' compensation benefits, but compensation was controverted by the Public Employee Claims Division (PECD) based on its assertion that Mr. Ray was not a state employee. Alternatively, the PECD contended that, even if Mr. Ray was considered a state employee, benefits should be denied because the SCDTF and its employees are not covered under the Public Employee Workers' Compensation Act (PEWCA). After a hearing, the Workers' Compensation Commission found Mr. Ray to be a state employee and awarded compensation. In addition, the Commission found that, even if Mr. Ray were not a state employee, he would still have been entitled to compensation as a public employee within the intent of the legislature when it enacted PEWCA.

SCDTF and PECD now appeal the decision of the Commission. For reversal, the appellants argue that the Commission erred in finding that Mr. Ray is a state employee within the meaning of PEWCA. In addition, the appellants contend that the Commission erred in finding that, even if Mr. Ray is not a state employee, he would nonetheless be covered by the Act for purposes of receiving workers' compensation benefits. We affirm.

At the hearing before the Commission, Mr. Ray testified on his own behalf. He stated that he is a certified Arkansas police officer and had been working for SCDTF for approximately four years prior to his injury. Mr. Ray indicated that the group he works with has five employees and is supervised by Joe Thomas. The program is directed by the prosecutor's office for the Eighth Judicial District, and Mr. Ray's paychecks are drawn against the prosecutor's office.

Brent Haltom, Prosecuting Attorney for the Eighth Judicial District, also testified. He stated that the program is funded by

grant money, which he receives from the state. Because Mr. Haltom is a state official, the state matches certain funds that are provided by the federal government through a federal grant program. According to Mr. Haltom, the funds appropriated for 1993 included $228,204.00 from the federal government and $76,068.00 from the State of Arkansas. Mr. Haltom did not use any of this money to purchase workers' compensation insurance for the agents of SCDTF because he considered the agents to be state employees covered by PECD. He based this belief, in part, on the fact that Mr. Ray and other agents were provided with health and retirement benefits by the State of Arkansas.

Sandra Rodgers, fiscal officer for SCDTF, testified that she sends in a request and receives a check directly from the state. According to Ms. Rodgers, all of the federal and state funds appropriated for the program are deposited by the Department of Finance and Administration into the State Treasury. The money is then disbursed upon request for operating expenses and salaries for the agents.

Roland Robinson, Assistant Director for PECD, testified on its behalf. He acknowledged that prosecuting attorneys are constitutional officers and are covered by the PECD. However, he stated that, to his knowledge, no PECD funds are available to pay claims for employees of a drug task force operating under the direction of a prosecutor.

In awarding compensation against PECD, the Commission cited PEWCA, which is codified at Ark. Code Ann. § 21-5-601 (Repl. 1996) *et seq.* Arkansas Code Annotated § 21-5-602 (Repl. 1996) explains the legislative intent of the Act and provides, in pertinent part:

> It is the purpose of this subchapter to:
>
> (1)   Provide workers' compensation coverage through state funds for all public employees, as defined in this subchapter, who are not otherwise covered under a workers' compensation liability insurance policy written and issued by a private workers' compensation liability carrier[.]

"Public Employee" is defined by Ark. Code Ann. § 21-5-603 (Repl. 1996), which provides in pertinent part:

> (a) The term "public employee", as used in this sub-chapter, unless the context otherwise requires, includes:

> (1) STATE EMPLOYEES AND OFFICERS. Any officer or employee of any state agency, board, commission, department, institution, college, university, or community college receiving an appropriation for regular salaries, extra help, or authorized overtime payable from funds deposited in the State Treasury or depositories other than the State Treasury by the General Assembly, provided that inmates of state correctional facilities who perform work for the state while incarcerated or while on a work-release program shall not be considered state employees[.]

The Commission determined that Mr. Ray was a state employee for purposes of the Act and, therefore, was entitled to benefits.

For reversal, the appellants first argue that the Commission erred in finding Mr. Ray was a state employee. Specifically, the appellants maintain that drug task forces are not covered by the Act because most of the financing comes from federal sources, including the financing that is appropriated for the agents' salaries. The appellants contend that workers' compensation coverage for such individuals, if there is to be any, should come out of the funds received for operation of the task forces.

We find the first argument raised by the appellants to be unpersuasive. As the appellee points out, if the State of Arkansas does not provide compensation coverage for individuals such as he, this would result in all drug task force workers of this state working without the benefit of workers' compensation. We find that Mr. Ray qualifies as a state employee, and that his compensation was correctly assessed against the PECD.

The evidence in this case demonstrated that all funds to be disbursed to the SCDTF were handled by the state through the State Treasury. Moreover, the state provided health and retirement benefits to individuals such as Mr. Ray. Mr. Ray is a police officer certified by the state, and he works in a program operated by a state officer. The stated purpose of the Act is to provide coverage for public employees not covered by a private entity. In

the case at bar, it is undisputed that Mr. Ray was without the benefit of private compensation coverage. Furthermore, from the particular facts presented in this case, it is apparent that he is a "state employee" and therefore is a "public employee" entitled to compensation under the Act.

██   The findings of the Workers' Compensation Commission must be upheld on review if there is substantial evidence to support them. *Scarbrough v. Cherokee Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991). Before we can reverse a decision of the Commission, we must be convinced that fair-minded persons with the same facts before them could not have reached the same conclusion reached by the Commission. *Public Employee Claims Division v. Tiner*, 37 Ark. App. 23, 822 S.W.2d 400 (1992). In the instant case, we find the Commission's determination that Mr. Ray qualified as a state employee is supported by substantial evidence.

The appellants' remaining argument is that the Commission erred in determining that, even if Mr. Ray was not a state employee, he nevertheless was entitled to coverage as a public employee. However, due to our disposition of the first issue on appeal, we need not address this argument. The Commission's order directing PECD to provide workers' compensation benefits to Mr. Ray is affirmed.

Affirmed.

NEAL and ROAF, JJ., agree.