Isaac LANGLEY *v.* DANCO CONSTRUCTION COMPANY and Bituminous Insurance Companies

CA 96-991                                         944 S.W.2d 142

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered May 21, 1997

[Petition for rehearing denied June 25, 1997.]

*Barron & Barron, P.A.*, by: *Thomas L. Barron*, for appellant.

*Anderson & Kilpatrick*, by: *Randy P. Murphy*, for appellees.

OLLY NEAL, Judge. Appellant was employed as a laborer by Danco Construction Company on July 13, 1993, when he sustained injuries after being thrown approximately fifteen feet from a loader. Appellant was hospitalized for a week and received medical treatment from Dr. Fred Nagel. Dr. Nagel's notes reflect that appellant initially made complaints of pain mostly in the sternum and right hip area. Appellees accepted compensability of appellant's right hip condition and paid related medical and temporary total disability benefits. Appellant sought temporary total disability and medical benefits based upon his left hip condition, which eventually required a total hip replacement. Appellees controverted appellant's entitlement to benefits for his left hip condition. After conducting a hearing on the compensability of appellant's medical and temporary total disability benefits for the treatment of the left hip, the ALJ found that the July 13, 1993, compensable injury aggravated the appellant's preexisting left hip condition so as to entitle him to payment of related medical and disability benefits. Appellees appealed to the Commission, which reversed the ALJ's decision. Appellant argues that the Commission's decision is not supported by substantial evidence. We find substantial evidence in support of the Commission's order and affirm.

Where the sufficiency of the evidence is challenged on appeal in a workers' compensation case, we view the evidence in the light most favorable to the findings of the Commission and will affirm if those findings are supported by substantial evidence. *City of Ft. Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion we must affirm its decision. *Welch's Laundry & Cleaners v. Clark*, 38 Ark. App. 223, 832 S.W.2d 293 (1992).

Appellant contends that the condition of his left hip is the result of an aggravation of a preexisting condition caused by the compensable injury that occurred July 13, 1993. Arkansas Code Annotated § 11-9-102(5)(F)(ii)(b) (Repl. 1993), provides:

> If any compensable injury combines with a preexisting disease or condition or the natural process of aging to cause or prolong disability or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment.

Major cause means more than fifty percent of the cause. Ark. Code Ann. § 11-9-102(14)(A) (Repl. 1993). Further, a finding of major cause shall be established according to the preponderance of the evidence. Ark. Code Ann. § 11-9-102(14)(B) (Repl. 1993).

At the hearing before the ALJ, appellant testified that he was injured at work in 1986, when a ditch caved in on him, and that he had limped off and on as a result of injuries sustained in the accident over the years. Appellant then testified that he had never experienced problems with his hip prior to July 13, 1993. However, a medical report written by Dr. DeLoach on December 22, 1992, detailed appellant's complaints of left thigh pain and some left lower back pain, and also noted that appellant did not relate a specific history of injuring himself at work. Dr. DeLoach also saw appellant on January 8, 1993, and January 25, 1993, and on both occasions noted appellant's complaints of left leg pain.

Appellant was referred to Dr. Jordan for treatment relative to the complaints of back and left leg pain. Dr. Jordan examined appellant on January 28, 1993, and suggested that hip films be made. Dr. Jordan noted that he was certain that a great deal of appellant's problems were coming from hip joint disease rather than lumbar spine problems.

Upon admission to the hospital after being injured on July 13, 1993, appellant complained of pain across his anterior chest, lower back, and in the right hip. X-rays indicated advanced degenerative changes in the left acetabulum and hip, and swelling over the right buttock. In notes dated July 23, and July 30, 1993, Dr. Nagel noted appellant's complaints of pain over the right buttock, sternum and the right hip. Appellant did not complain of pain to the left hip until September 3, 1993, approximately seven weeks after the July 13, 1993, injury.

■ Appellant points to the testimony of Drs. Pearce and Nagel that the lapse of time between the compensable injury and the first complaint of left hip pain could be explained by the fact that patients with multiple injuries might not become aware of an injury until others have resolved. We note that the Commission has the duty of weighing medical evidence as it does any other evidence, and the resolution of conflicting evidence is a question of fact for the Commission. *Public Employee Claims Div. v. Tiner*, 37 Ark. App. 23, 822 S.W.2d 400 (1992). Further, the credibility of witnesses and the weight to be given their testimony are matters exclusively within the province of the Commission. *Shaw v. Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991).

Although there was a probable explanation offered to explain appellant's delay in reporting left hip pain, it is the province of the Commission to determine the weight to be assigned all evidence. The Commission noted that appellant testified he had never had problems with his left hip prior to the compensable injury, although the medical evidence proved otherwise. The Commission determined that appellant's credibility was diminished as a result of his testimony which was contrary to numerous medical reports generated.

■ We find substantial evidence to support the Commission's determination that the July 13, 1993, compensable injury did not aggravate appellant's preexisting left hip condition and was not the major cause of the resulting left hip condition.

Affirmed.

PITTMAN, JENNINGS, and BIRD, JJ., agree.

GRIFFEN and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I respectfully dissent from the majority's opinion because I do not agree that the Commission's finding that Langley did not sustain a compensable left hip injury is supported by substantial evidence.

The majority concludes that Langley's seven-week delay in reporting left hip pain, coupled with his "untruthful" denial that he had experienced problems with his left hip prior to the accident of July 13, 1993, constitutes substantial evidence to support the Commission's findings. However, the majority, and the Commission, have disregarded not only the explanation of both treating physicians regarding the likely cause for the delay, but also the fact that the nature of Langley's accident is indeed consistent with the explanation suggested by his physicians. Here, Langley was thrown approximately twenty feet, knocked unconscious, was hospitalized for one week, and suffered visible, external injuries to both his chest area (multiple contusions) and his right hip and buttock (large hematoma). It is significant that Langley's right hip area was still swollen and causing him significant pain more than five weeks after the accident, such that his doctor considered that surgical draining of the area might be required.

I must also take issue with the conclusion that Langley was untruthful when he denied that he had problems with his left hip before the accident. Nowhere in the medical records of Langley's visits to three different physicians in 1992 and prior to the accident in 1993 is there any indication that Langley ever complained of hip pain. Although he was diagnosed with hip joint disease, Langley consistently complained of left leg and lower back pain, not hip pain, to the several physicians who examined him during this period.

Finally, it was uncontroverted that Langley's preexisting hip disease did not prevent him from performing his job as laborer, a job he had held with this employer for some twenty-four years until the accident of July, 1993.

For the foregoing reasons, I do not believe that reasonable minds could reach the Commission's decision that this man, thrown twenty feet through the air, and severely contused and bruised on both the front and back of his body, did not suffer an aggravation to his preexisting hip condition in this accident.

GRIFFEN, J., joins.