Mr. Allen Weatherly Executive Director, AETN 350 South Donaghey Conway, AR 72032
Dear Mr. Weatherly:
I am writing in response to your request for an opinion regarding state leave accrual eligibility for employees of the Seventh (7th) Judicial District Drug Task Force ("DTF"). You state that the Office of Personnel Management ("OPM") of the Division of Management Services of the Department of Finance and Administration ("DFA") has rendered a decision that the employees are not eligible to accrue leave time. You indicate that this decision will affect a current AETN employee who was formerly employed by the DTF. You have asked for my opinion regarding this OPM decision.
RESPONSE
OPM's decision is correct, in my opinion. It is my opinion that persons who were employed by the Prosecuting Attorney of the 7th Judicial District to work on a Drug Task Force pursuant to a grant award from DFA for the Anti-Drug Abuse program funded under the federal Anti-Drug Abuse Act are not eligible to accrue leave time under the Uniform Attendance and Leave Policy Act (A.C.A. § 21-4-201 et seq.
This response is based upon the statutory definition of "employee" under the Uniform Attendance and Leave Policy Act. As stated in previous opinions of this office concerning the eligibility of drug task force personnel for various state benefits, resolution of the issue depends upon the particular statutory provision in question.[1] This approach was confirmed by the Arkansas Court of Appeals decision in South CentralArk. Drug Task Force v. Ray, 56 Ark. App. 30, 937 S.W.2d 682 (1997), wherein the court construed the specific provisions of the Public Employee Workers' Compensation Act to include a drug task force employee.
The statute at issue in this instance defines "employee" as:
 [A] person regularly appointed or employed in a position of state service by a state agency, as defined in subdivision (1) of this section, for which he is compensated on a full-time basis.
A.C.A. § 21-4-203(9) (Supp. 1999).
It is my opinion that if faced with the question, a court would in all likelihood conclude that this definition does not encompass employees in the 7th Judicial District Drug Task Force. In my opinion, this definition encompasses such regular positions as are fixed by law in accordance with Article 16, Section 4 of the Arkansas Constitution. Article 16, Section 4 states in relevant part that "the number and salaries of the clerks and employees of the different departments of the State shall be fixed by law." The State Regular Salary Procedures and Restrictions Act refers to these positions as "authorized regular salary positions. . . ." A.C.A. § 21-5-101 (Repl. 1996). The General Accounting and Budgetary Procedures Law offers further insight wherein it establishes a subclassification entitled "Regular Salaries" which applies to "all salaries and compensation . . . for state employees where the number of employees and maximum amounts of compensation are statutorily authorized as provided by the Arkansas Constitution, Article 16, § 4. . . ."
The definition of "employee" in the Uniform Attendance and Leave Policy Act may, in my opinion, reasonably be construed in light of these other provisions governing state-authorized positions. A similar definition of "employee" appears in the Uniform Classification and Compensation Act (see A.C.A. § 21-5-203(6) (Supp. 1999)).[2] I believe it is reasonable to assume that the General Assembly intends for the definition of "employee" under these uniform acts to be construed consistently, particularly in light of the goal to "ensure a uniform system of personnel administration within state government." A.C.A. § 21-5-207(a)(15) (part of the Uniform Classification and Compensation Act establishing duties of the OPM). The Regular Salary Procedures and Restrictions Act, supra, is then informative in revealing that the Uniform Classification and Compensation Act applies to "authorized regular salary positions. . . ."See A.C.A. § 21-5-101(b)(1).
Construing these definitions together, therefore, and in light of the Regular Salary Procedures and Restrictions Act, I conclude that an "employee" under the Uniform Attendance and Leave Policy Act is a person serving in a regular salary position that was authorized by the General Assembly for the benefit of the agency in accordance with Ark. Const. art. 16, § 4. Based upon the facts of which I am aware surrounding the 7th Judicial District Drug Task Force, persons employed by the Prosecuting Attorney to work for that DTF do not fall within this category. I base this conclusion upon the fact that these persons held positions which, according to my understanding, were authorized in the grant award and funded at salaries set out in the grant.[3] According to my research, there was no appropriation act or statute fixing the number and salaries of these employees. Rather, the position and rates appeared on the grant application of the DTF as the subgrantee. When the grant was approved by DFA, federal funds were transferred to the State Treasury and appropriated under DFA's general appropriation act, which included an item for "Federal Grants" under the section for "Appropriations — Federal Drug Law Enforcement Program." See Act 994 of 1997, § 14. This was a lump sum item, with no reference to any number of employee positions or salaries. See also Act 1428 of 1999, § 12, Item (04) (entitled "Grants/Aid For The Federal Law Enforcement Program.")
In conclusion, therefore, it is my opinion that the OPM correctly determined in this instance that persons employed by the Prosecuting Attorney of the 7th Judicial District to work for the Drug Task Force in that district are not eligible to accrue state leave time. This follows, in my opinion, from the fact that they were not "employees" under the specific controlling benefit provision in the Uniform Attendance and Leave Policy Act.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It was opined in Attorney General Opinions 94-052 and 88-391 that drug task force personnel in the particular judicial districts in question were eligible, respectively, for workers' compensation benefits and state insurance and retirement benefits.
[2] This provision defines "employee" as
 [A] person regularly appointed or employed in a position of state service by a state agency or institution of higher education, as defined in this section, for which he is compensated on a full-time basis, and for which a class title and pay grade is established in the appropriation act for such agency or institution in accordance with the classification and compensation plan enacted in this subchapter[.]
[3] The act authorizing the Prosecuting Attorney to employ DTF personnel stated that:
 In addition to the deputy prosecutor positions created by Arkansas Code Annotated § 16-21-113 and other Arkansas Code provisions, the prosecuting attorney of the Seventh Judicial District shall have the power to appoint deputy prosecuting attorneys, investigators, case coordinators or employees at such salaries as are authorized in the grant awards from the Department of Finance and Administration,
Intergovernmental Services, Drug Law Enforcement Program, Anti-Drug Abuse Act of 1986.
Acts 1989 (3rd Ex. Sess.), No. 97, § 1 (emphasis added).