

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–13–574

| | |
|---|---|
| | **Opinion Delivered** February 12, 2014 |
| PETROHAWK ENERGY CORPORATION <br> APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. CV-09-108] |
| V. | HONORABLE MICHAEL A. MAGGIO, JUDGE |
| BRONSON BUTLER and HAMIL WELL SERVICE, LLC <br> APPELLEES | REVERSED AND DISMISSED |

## BRANDON J. HARRISON, Judge

Clinton Walker was hurt while working on a gas well. He sued Bronson Butler, Hamil Well Service, LLC, and Petrohawk Energy Corporation for damages. Walker eventually settled his claims against Butler and Hamil, and the circuit court dismissed those claims with prejudice in 2011. Later, on Petrohawk's motion, the court entered summary judgment against Walker and dismissed his claims against Petrohawk with prejudice.

After Walker sued, but before he settled his claims against Butler and Hamil, Butler and Hamil cross-claimed against Petrohawk for breach of contract. They alleged that Petrohawk should have assumed the defense of Walker's personal-injury action because a contract called the "Master Service Contract" required Petrohawk to indemnify Butler and Hamil. Petrohawk then cross-claimed against Butler and Hamil for indemnity under the same contract. Butler and Hamil moved for summary judgment on their cross-claim.

The circuit court held a hearing on the motion, but instead of ruling on the motion's merits, the court dismissed the entire case without prejudice in May 2012.

Petrohawk, Butler, and Hamil agree that they did not know that a dismissal was imminent because they did not receive a March 2012 email—a communication that the court's assistant sent only to Walker's lawyer and which heralded the dismissal for lack of prosecution. An order of dismissal was entered two months after the email. No defendant refiled any cross-claim. Instead, almost eight months after the May 2012 dismissal, the circuit court set the dismissal order aside and reinstated Butler's and Hamil's cross-claim against Petrohawk. It did so at Butler and Hamil's express request. Here is the whole of the court's order that reinstated part of the case after the dismissal:

> The Court finds that its Order of Dismissal entered May 3, 2012, was entered in error. Said Order is hereby recalled and the case remains open pending resolution of the claims by Defendants/Cross-Claimants Butler and Hamil against Cross-Defendant Petrohawk Energy Corporation.

The court explained this decision in a separate order that denied Petrohawk's motion to modify or vacate the judgment: "the parties both agreed that the case should be reopened to dispose of the motion for summary judgment on the cross-claim."

With the case partially reinstated, the circuit court entered summary judgment for Butler and Hamil on their cross-claim against Petrohawk. Petrohawk has appealed that summary-judgment order and the court's denial of its motion to alter or vacate the judgment.

This history brings us to the points at issue in this appeal. Petrohawk, relying on Arkansas Rule of Civil Procedure 60(a), argues that the circuit court lacked the power to enter judgment on Butler and Hamil's cross-claim because, even if Petrohawk had agreed

to reopen the case, "the agreement did not confer subject-matter jurisdiction on the circuit court." We don't agree that subject-matter jurisdiction is technically at issue—a point we'll develop further below—but Petrohawk's essential point is that the parties cannot agree to neutralize Rule 60(a)'s ninety-day deadline. Petrohawk also argues that the court erred in granting summary judgment because a genuine issue of material fact exists on the sole proximate cause of Walker's injuries and whether the settlement with Walker occurred under compulsion. We will not address the merits of the summary-judgment order because this case turns on the threshold question of whether the circuit court could have, in light of Rule 60(a)'s time bar, reinstated the cross-claim and entered judgment on it, whatever its substantive merit may be.

Hamil argues that Petrohawk's Rule-60 argument is tardy and should not be considered on appeal. The tardiness strand is that Petrohawk did not argue Rule 60(a)'s ninety-day deadline when the court reinstated the cross-claim against it after the apparently mistaken dismissal of the entire case. Hamil is correct that Petrohawk did not argue Rule 60's time bar until the postjudgment phase of the case. And as Hamil correctly notes, the circuit court's order reinstating the case was a final order that Petrohawk has not appealed. *See New Holland Credit Co. v. Hill*, 362 Ark. 329, 331, 208 S.W.3d 191, 193 (2005) ("When an order setting aside a judgment is entered by a circuit court more than ninety days after the judgment was originally filed, it is a final and appealable order.") (overruled on other grounds by *Muccio v. Hunt*, 2012 Ark. 416); *see also Wal-Mart Stores, Inc. v. Taylor*, 346 Ark. 259, 57 S.W.3d 158 (2001) (allowing an appeal

taken within thirty days of an order that vacated a court's Rule 41(b) dismissal occurring seventeen months prior in the case).

Whether the circuit court had jurisdiction to enter a judgment on a claim that had been dismissed, and then reinstated after Rule 60's ninety-day deadline, is a question of law that we review de novo. *See Crews v. Deere & Co.*, 2013 Ark. 67. We do not reverse any related findings of fact unless they are clearly erroneous. *Id.* Furthermore, under Rule 60, there are some instances where the circuit court may modify or set aside its order beyond the ninety-day period, but if none of these exceptions apply, the court cannot act outside the time period and any attempt to do so is invalid. *Global Econ. Res., Inc. v. Swaminathan*, 2011 Ark. App. 349, 389 S.W.3d 631 (citing *Jordan v. Circuit Court of Lee Cnty.*, 366 Ark. 326, 235 S.W.3d 487 (2006)). "[A] court that acts . . . in excess of its jurisdiction produces a result that is void and cannot be enforced." *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, at 9, 385 S.W.3d 797, 802.

Do the procedural facts in this case defeat the application of Rule 60(a)'s ninety-day period? They do not. Though the rule has been applied using different terminology, our supreme court has applied Rule 60's ninety-day deadline as if the failure to follow it was as detrimental to a case as a subject-matter jurisdiction defect. *Ware v. Gardner*, 309 Ark. 148, 827 S.W.2d 657 (1992). A circuit court's inability to vacate an order after ninety days has passed (absent an exception) is not a subject-matter jurisdiction issue. *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d 445 (2009) (explaining what subject-matter jurisdiction means). Rule 60(a)'s deadline is more properly a rule-imposed time period in which a court must act. But like a true subject-matter defect, if a circuit court

erroneously grants a motion after ninety days have passed, then it lacks the power to proceed further and the court's action past the deadline may be challenged for the first time on appeal. *Ware*, 309 Ark. at 148, 827 S.W.2d at 657; *Story v. Spencer*, 41 Ark. App. 27, 847 S.W.2d 48 (1993).

Hamil also argues that the circuit court could have reopened the case after ninety days had passed because the dismissal order was a "clerical mistake" or "misprision of the clerk"—and the parties agreed to reopen the case as to the cross-claim against Petrohawk.

Rule 60(a)'s deadline was missed by many months. But Rule 60(b) permits a circuit court to act outside the deadline if it acts to correct clerical mistakes arising from oversight or omission. Ark. R. Civ. P. 60(b) (2013). Contrary to Hamil's argument, however, our supreme court has held that a Rule 41(b) dismissal is not a "clerical error" under Rule 60(b). *Crews v. Deere & Co.*, 2013 Ark. 67, at 4. This is true even when the parties do not receive correct notice of the dismissal or even learn about its entry for years after the fact. *Watson v. Connors*, 372 Ark. 56, 270 S.W.3d 826 (2008). On this record, the circuit court had no authority under Rule 60(b) to reopen the case and reinstate the cross-claim.

We move to subsection (c) of the rule. Rule 60(c)(3) allows a circuit court to vacate an order after ninety days for misprisions of the clerk. A clerical misprision occurs when a court clerk's mistake or fraud is apparent from the record. *Hyden v. Cir. Ct. of Pulaski Cnty.*, 371 Ark. 152, 264 S.W.3d 493 (2007). Hamil does not point us to any such mistake by the court clerk. Nor do we see a reason to apply Rule 60(c)(3) in this case.

The circuit court simply lost the power to vacate its order that dismissed the entire case because the reinstatement order was entered more than ninety days after the Rule 41 dismissal had occurred—and no Rule 60(b) or (c) exceptions apply. Because the May 2012 order reinstating the case was infected from its inception, the subsequent summary judgment against Petrohawk must also be vacated as a matter of law and the reinstated case dismissed.

Reversed and dismissed.

GLOVER and WYNNE, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *James M. Simpson* and *Tory H. Lewis*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Douglas M. Carson*, for appellees.

SLIP OPINION